## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

THE STATE FARM FIRE AND      *
CASUALTY COMPANY,
One State Farm Plaza      *
Bloomington, Illinois 61710
     *


       **Plaintiff,**      *
**v.**                               **Case No: _____**
     *
**CHRISTOPHER A. SCHMID, III,**
909 New Jersey Avenue, SE, Apt. 105      *
Washington, D.C. 20003-5302
     *
**AND**
     *
**KATELYN B. LERNIHAN**
909 New Jersey Avenue, SE, Apt. 105      *
Washington, D.C. 20003-5302
     *
       **Defendants.**
_____ * _____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, the State Farm Fire and Casualty Company ("State Farm"), by and through undersigned counsel, hereby files this Complaint for Declaratory Judgment to resolve an actual controversy between State Farm and Defendants, Christopher A. Schmid, III ("Schmid") and Katelyn B. Lernihan ("Lernihan") and state as follows:

## NATURE OF CLAIM

1.       This is an action for declaratory judgment brought pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, to declare the right and other legal relations surrounding questions of actual controversy that presently exist between Plaintiff, State Farm, and Defendant Schmid. For the reasons stated in this Complaint, State Farm asserts that it has no contractual obligation to defend or indemnify Schmid under the policy in question.

## THE PARTIES

2.      The State Farm Fire and Casualty Company is an Illinois corporation with its principal place of business in Illinois.

3.      Defendant, Schmid is a resident of the District of Columbia.

4.      Defendant, Lernihan is a resident of the District of Columbia.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a). This is a civil action where jurisdiction is founded on diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6.      Venue is proper under 28 U.S.C. § 1391(b)(1) and (1) as the defendant is a resident of the District of Columbia and a substantial part of the events giving rise to claim—namely, the negotiation of the insurance policy at issue—occurred in the District of Columbia.

## FACTUAL BACKGROUND

7.      At all times relevant hereto, Lernihan maintained a renter's policy of insurance with State Farm bearing policy number 09-BD-B285-5 with a policy period of June 21, 2014 through June 21, 2015. The policy consisted of policy forms FP-7954; FE-3433; and FE-2341 (the "Policy"). *See Exhibit 1*, Policy.

8.      Lernihan and Schmid were married in 2016.

9.      On March 14, 2017, Samuel Sierra ("Sierra") filed a complaint in the Court of Common Pleas for Philadelphia County, captioned *Samuel Sierra v. Aaron Gordon, et al.*, Case No. 2900, December Term, 2016 (the "Underlying Litigation").

10.      In the Underlying Litigation, Sierra alleges that:

6.      On December 27, 2014, at approximately 1:00 am, . . . Samuel Sierra was walking with a group of individuals, at or near 200 South 12th Street in Philadelphia, PA.

7.      At the above-mentioned time and location, [Sierra] was approached by a group of individuals including Defendants, [Asron Gordon ("Gordon") and Schmid].

8.      Plaintiff was facing the opposite direction at the time defendants [Gordon and/or Schmid], began to aggressively approach him.

9.      Suddenly and without warning, Defendants, [Gordon and/or Schmid], struck [Sierra] about his face and head with a closed fist, causing [Sierra's] body to collapse to the ground.

10.     At the above-mentioned time and location, while [Sierra] attempted to stand up after being assaulted, Defendants [Gordon and/or Schmid] again punched and/or kicked Plaintiff about his face and head with a closed fist, causing Plaintiff to lose consciousness.

. . .

15.     The conduct was a result of Defendants, [Gordon and/or Schmid's] intoxication at the time of the incident.

16.     As a direct and proximate result of the above, [Sierra] suffered severe personal injuries, some of which may be permanent in nature, including but not limited to: Brain bleed, traumatic brain injury, post-concussive syndrome, memory loss, confusion and seizure disorder.

17.     As a further direct and proximate result of the above, [Sierra] has been obligated to incur various expenses for medical treatment, which expenses to date include but are not limited to [$217,082.72].

18.     As a further direct and proximate result of the above, [Sierra] has experienced a loss of earnings and earning capacity, which may continue into the future to his great detriment and loss.

. . .

21.     The above-described intentional, malicious and/or reckless actions of the defendants placed [Sierra] in reasonable fear of imminent bodily harm and resulted in [Sierra] being unlawfully and improperly assaulted, battered and abused without privilege and against [Sierra's] will.

. . .

23.     The above-described actions of the defendants, [Gordon and Schmid,] were so malicious, intentional and reckless and displayed such a reckless indifference to [Schmid's] rights and well being, that the imposition of punitive damages is warranted.

*Exhibit 2*, Underlying Complaint.

11.     Schmid had claimed coverage under the Policy, asserting that State Farm owes him a duty to defend him in the Underlying Litigation, and a duty to indemnify him in the event judgment is entered in Sierra's favor.

12.     The Policy Provides:

## RENTERS POLICY

### DEFINITIONS

"You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the **Declarations.**

Certain words and phrases are defined as follows:

1.     "**bodily injury**" means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.

. . .

4.     "**insured**" means you and, if residents of your household:

a.     your relatives; and

4

      b.      any other person under the age of 21 who is in the care of a person described above.

13.    On June 21, 2014, Schmid was not Lernihan's "relative."

14.    On December 27, 2014, Schmid was not Lernihan's "relative."

15.    Schmid is not an "insured."

16.    The Policy further provides:

## RENTERS POLICY

## DEFINITIONS

. . .

7.    "**occurrence**", when used in Section II of this policy means an accident, including exposure to conditions, which first results in:

      a.      **bodily injury**; or

      b.      **property damage**;

during the policy period. All **bodily injury** and **property damage** resulting from one accident, series or related accidents or from continuous and repeated exposure to the same general conditions in considered to be one **occurrence.**

. . .

## SECTION II – LIABILITY COVERAGES

## COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1.    pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2.    provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit

> that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence,** equals our limit of liability.

> . . .

17.    Sierra's allegations against Schmid necessarily contend that Sierra's bodily injury did not result from an "accident."

18.    Sierra's bodily injury did not arise from an "occurrence."

19.    The Policy further provides:

### SECTION II – EXCLUSIONS

> 1.    Coverage L and Coverage M do not apply to:

> a.    **bodily injury** or **property damage**:

> (1)    which is either expected or intended by the **insured**; or

> (2)    which is the result of willful and malicious acts of the **insured**;

20.    Sierra's allegations against Schmid necessarily contend that Schmid expected or intended to cause Sierra bodily injury.

21.    Sierra's allegations against Schmid necessarily contend that Schmid willfully and maliciously caused Sierra bodily injury.

22.    Sierra's allegations against Schmid necessarily fall within an exclusion to coverage, absolving State Farm of its duty to defend or indemnify Schmid.

23.    There is no possibility that the allegations against Schmid, if proven, would obligate State Farm to indemnify Schmid in the Underlying Litigation.

24.    State Farm has no duty to defend or indemnify Schmid in the underlying litigation.

## STATEMENT OF ACTUAL CONTROVERSY

25.     The actual and justiciable controversy in this matter pertains to State Farm's obligations under the Policy, if any, given: 1) whether Schmid qualifies an insured; 2) whether the loss qualifies as an occurrence; 3) whether the loss arises from an expected or intended injury; and 4) whether the loss arises from willful and malicious conduct.

26.     Specifically, there exists a controversy as to whether State Farm is obligated to defend and/or indemnify Schmid.

## COUNT 1
(Declaratory Judgment)

27.     State Farm incorporates by reference and re-alleges the allegations contained in paragraphs 1 through 31 as if fully set forth below.

28.     State Farm maintains that there is no possibility of coverage and that it has no duty to defend or indemnify Schmid under the Policy because:

**a.** Schmid is not an insured;

**b.** The loss does not qualify as an occurrence;

**c.** The loss was expected or intended from the perspective of Schmid;

**d.** The loss arises willful and malicious conduct by Schmid;

29.     Schmid believes he entitled to a defense and/or indemnity under the Policy.

30.     The Parties dispute as to the coverage available to Schmid under the Policy creates an actual controversy of a justiciable issue within the jurisdiction of this Court, involving the rights and liabilities of the parties.

31.     Antagonistic claims are present between the parties. These claims indicate imminent and inevitable litigation.

32.     A declaratory judgment by this Court will terminate this controversy.

33.     Given the foregoing, State Farm is entitled to a declaration of this Court that it has no duty to defend and/or indemnify Schmid in the Underlying Lawsuit.

**WHEREFORE,** Plaintiff the State Farm Fire and Casualty Company respectfully prays that the Court:

A.     Determine and adjudicate the rights and liabilities of the parties with respect to the Policy;

B.     Declare that the Plaintiff has no duty to defend and/or indemnify Christopher Schmid in the Underlying Litigation.

C.     Declare that no payment should have been made under the policy to the Defendants, and that any such payment shall be subject to recoupment.

D.     Award Plaintiff the costs of these proceedings; and

E.     Award Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

/s/ Craig D. Roswell
Craig D. Roswell, Esq. (# 433406)
Bryant S. Green, Esq. (# 1048238)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6300
(410) 783-6363 facsimile
cdroswell@nilesbarton.com
bsgreen@nilesbarton.com
*Counsel for the Plaintiff,*
*The State Farm Fire and Casualty Company*